## IN THE COURT OF APPEALS OF IOWA

No. 16-1130
Filed September 28, 2016

**IN THE INTEREST OF M.L. and K.S.,**
**Minor children,**

**H.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.

A mother appeals the juvenile court's order terminating her parental rights to two of her three children. **AFFIRMED.**

Linnea N. Nicol of Juvenile Public Defender's Office, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Shanna M. Chevalier of Laird & Luhring Law Office, Waverly, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

The children at issue in this appeal are thirteen-year-old M.L. and one-year-old K.S. Their mother has struggled with substance abuse. The mother appeals the termination order, contending (1) severing the parent-child relationship is not in the best interests of M.L. or K.S. because of their strong bond with her; (2) termination was not necessary to protect the children when the mother retained her parental rights to a third child, seven-year-old D.S.; (3) guardianship would be a preferred permanency plan, and (4) termination was improper because it impacted the sibling relationships among M.L., K.S. and D.S.

After our independent review of the record,[1] we reach the same conclusion as the juvenile court. The mother is unable to fulfill the role of a stable parent due to her drug usage and other illegal activities. M.L. and K.S. are well-integrated into their foster families and potential adoption is in their best interests. Accordingly, we affirm.

## I.    Facts and Prior Proceedings

The welfare of these children came to the State's attention in 2014 when M.L. and D.S. were not attending school on a regular basis. The mother had tested positive for methamphetamine and marijuana that spring and the Department of Human Services (DHS) had concerns M.L. had been "touched inappropriately" by a family friend, but M.L. reported her mother did not believe her allegations. The juvenile court adjudicated M.L. and D.S. as children in need

---

[1] We review termination proceedings de novo. *In re M.W.,* 876 N.W.2d 212, 219 (Iowa 2016). "'We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses.'" *Id.* (quoting *In re D.W.,* 791 N.W.2d 703, 706 (Iowa 2010)).

of assistance (CINA) in October 2014. The mother was on probation for a burglary conviction. The mother underwent repeated substance-abuse evaluations in 2014, but she did not complete treatment.

K.S. was born in March 2015. Although K.S. tested positive for methamphetamine, opiates, and codeine at birth, the mother denied using any of those substances.[2] At that time, the DHS sought removal of K.S., as well as M.L. and D.S., from the mother's care. The DHS placed D.S. in the care of his father, Scott.[3] The DHS placed M.L. and D.S. with foster families.

During the ensuing year, the mother repeatedly tested positive for controlled substances. She also was charged with forgery, theft, and unlawful possession of a prescription drug. She admitted violating her probation and pleaded guilty to forgery. The mother's visits with the children remained fully supervised during that year. The service provider believed the mother attended some visitations while under the influence of controlled substances.

In March 2016, the State filed a petition for termination of the mother's parental rights to K.S. and M.L. The court held a two-day hearing on the petition in May and June. On July 1, 2016, the juvenile court issued its order terminating the mother's parental rights under Iowa Code sections 232.116(1)(f) (as to M.L.), (h) (as to K.S.), and (*l*) (as to both children) (2015). The mother filed a timely petition on appeal.

---

[2] The mother did stipulate K.S. was a CINA under Iowa Code section 232.2(6)(o).
[3] All three children have different fathers. M.L.'s father is deceased. The juvenile court terminated the parental rights of K.S.'s father, who is not a party to this appeal.

## II.    Analysis of Mother's Arguments

The decision to terminate parental rights under chapter 232 must follow a three-step analysis.  *In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010).  First, the juvenile court must decide if the State has established a ground for termination under Iowa Code section 232.116(1).  *Id.*  Second, if the State has established a statutory ground, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination serves the children's best interests.  *Id.*  Third, if the statutory best-interests framework supports termination, the court must consider any factors in section 232.116(3) that may tip the scales away from termination of parental rights.  *Id.*

The mother does not challenge the statutory bases for the termination. Instead, she raises a best-interest argument, alleging the juvenile court should have opted not to terminate based on the strong bond between the children and their mother.  Under section 232.116(3)(c), the court may deny a termination petition if it finds "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

In this case, the record does show that the mother is bonded with K.S. and has good interactions with the young child during the supervised visits.  The service provider also testified to a close, caring connection between the mother and M.L., but described their relationship as "much like siblings."  The children's guardian ad litem provided information that M.L. was frustrated that her mother was not making more progress.  For about six weeks, M.L. declined to attend visitations.  The DHS worker testified M.L.'s mental health was adversely

affected by contact with her mother. Moreover, M.L. was well-integrated into her foster family. The record also showed K.S. had a strong bond with her foster parents.

Given the mother's inability to stem her substance abuse and criminal activity while her children were removed, we agree with the juvenile court's determination that the children's safety, long-term nurturing and growth, and physical, mental, and emotional needs would be better served by termination of parental rights notwithstanding their bond. *See* Iowa Code §§ 232.116(2), 232.113(3)(c); *see also In re D.W.,* 791 N.W.2d at 709 (holding that in analyzing the (3)(c) exception, "our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the mother's] inability to provide for [the children's] developing needs").

The mother's remaining contentions concerning the preservation of her parental rights to a third child, the propriety of a guardianship, and the impact of termination on the sibling relationships were not discussed in the termination ruling. The mother did not seek to enlarge or amend the findings. Accordingly, we do not address those concerns on appeal. *See In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994).

**AFFIRMED.**